PER CUÍHAM.
These consolidated appeals are by a bail bond surety, Public Service Mutual Insurance Company, a New York corporation, from orders denying its motions to vacate final judgments which had been entered against it, following bond forfeitures. In each of the judgments it was found that thirty days had elasped since the bond was forfeited and that the forfeiture thereof had not been discharged.
Section 903.26 Fla.Stat., F.S.A. authorizes forfeiture of bail bonds in designated circumstances. Subparagraph (5) thereof *519 provides that the court may discharge a forfeiture within thirty days, for reasons or circumstances set out therein. If the forfeiture is not paid or discharged within thirty days, § 903.27 provides for a copy of the order of forfeiture to be filed in the office of the clerk of the circuit court, who shall enter judgment against the surety, and “furnish the surety company at its home office a certified copy of the judgment within ten days.” By subparagraph (2) of § 903.27, after notice of judgment given to the surety by the clerk, “the surety or bail bondsman may within forty-five days file a motion to set aside the judgment,” upon which the court wherein the judgment was entered may set the judgment aside in whole or in part “for reasonable cause shown”.
The judgments involved here were entered in January of 1975. To each of the judgments there was appended a certificate of the clerk of the circuit court reciting the timely mailing of a certified copy thereof to “Public Service Mutual Insurance Company, defendant-surety company, 11 Grace Avenue, Great Neck, New York, 11021”.
In moving to vacate the several judgments the surety showed its home office was at 393 Seventh Avenue, New York, N. Y., and alleged the clerk had failed to comply with the requirement to send a certified copy of the judgment to the surety at its home office. The state attorney filed responses showing his office previously had written to the surety, using the 393 Seventh Avenue, New York, N. Y., address, as follows:
“Please advise this office your correct address for mailing final judgments of bond estreatures in Dade County. We understand you may have changed your address recently, and we do not wish to cause a delay in getting to you copies of the final judgments promptly.
“Thank you for a prompt reply. The address we are presently using is the one used above.”
The surety returned that letter to the state attorney’s office with a handwritten notation thereon as follows:
“Our new address is National Agency Managers, Inc., 11 Grace Ave., Great Neck, N. Y., 11021.”
We hold, as the trial court necessarily held in denying the motions to vacate the judgments, that the notice requirement was complied with by sending certified copies of the judgments to the surety at the address it had furnished to the state attorney for that purpose.
As pointed out by the appellee, in moving to set aside the judgments the appellant made no showing of any prejudice which resulted to it from certified copies of the judgments being forwarded to the address which the surety had given to the state attorney for use in that connection. Nor was it shown that the copies of judgments so forwarded were not received by the surety, or that it did not thereby receive notice thereof.
The orders appealed from are affirmed.